IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RACHEAL MALLORY,

           Plaintiff,

vs.                                            Case No. 13-1426-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On June 21, 2013, administrative law judge (ALJ) Michael D. Shilling issued his decision (R. at 12-22).  Plaintiff alleges that she had been disabled since May 1, 2005 (R. at 12). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2009 (R. at

14). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity after the alleged onset date (R. at 14). At step two, the ALJ found that plaintiff had severe impairments of disorder of the back, obesity, bipolar disorder, post-traumatic stress disorder/anxiety, and adjustment disorder with depression (R. at 14). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15). After determining plaintiff's RFC (R. at 16), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 20). At step five, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy (R. at 21). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

**III. Are the ALJ's physical RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the

ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ concluded that plaintiff could perform light work, with the ability to lift/carry 20 pounds occasionally and 10 pounds frequently. She can walk, stand and sit for up to 6 hours in an 8 hour workday. Plaintiff may do simple jobs, and is limited to jobs that do not demand attention to details or complicated job tasks or instructions. She may work in close proximity to others, but is limited to jobs that do not require close cooperation and interaction with co-workers, and would work best in relative isolation. Plaintiff is limited to no interaction and cooperation with the public. She retains the ability to maintain attention and concentration for 2-hour periods at a time, can adapt to changes in the workplace on a basic level, and can accept supervision on a basic level (R. at 16).

As set forth above, "the RFC assessment must include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts and nonmedical evidence." Wells v. Colvin, 727 F.3d 1061, 1065, 1069 (10th Cir. 2013)(emphasis in original at 1069). The problem with the ALJ decision is that his decision provides no explanation to support his finding that plaintiff can perform light work, and can walk, stand and sit for 6 hours in an 8 hour workday. The ALJ did not

cite to any medical facts or nonmedical evidence in support of any of his physical RFC findings.  The ALJ summarized the evidence, and then made a conclusory assertion that the RFC was supported by the medical evidence, the state agency findings, and the claimant's testimony (R. at 20).  However, the ALJ did not cite to any medical record or evidence, state agency findings, or the claimant's testimony in support of his physical RFC findings.

In the case of Fleetwood v. Barnhart, 211 Fed. Appx. 736 (10th Cir. Jan. 4, 2007), the ALJ relied on a state agency medical consultant who filled out a check-the-box evaluation form, which, standing alone, the court found did not constitute substantial evidence.  The court stated that no other medical evidence in the record specifically addressed her ability to work.  The court held as follows:

> To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.
>
> The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir.1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5.

> Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993); accord Hawkins v. Chater, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain more evidence regarding her functional limitations. See Hawkins, 113 F.3d at 1167-68.

Fleetwood, 211 Fed. Appx. at 740-741; see Martin v. Astrue, Case No. 09-1235-SAC (June 28, 2010, Doc. 13-15, 16-18).

In the case before the court, there is absolutely no medical evidence regarding plaintiff's physical RFC. The ALJ decision is devoid of any identifiable discussion explaining how the ALJ arrived at his physical RFC findings based on the evidence, or how the evidence supported his physical RFC findings. The ALJ has failed to comply with SSR 96-8p. The ALJ, according to the agency's own regulation, "must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8p, 1996 WL 374184 at *5. This record contains no medical opinion evidence regarding plaintiff's physical RFC. Unlike Fleetwood, which had at least one state agency assessment (which the court found, standing alone, did not constitute substantial evidence), in the case before the court there are no physical RFC assessments in the

record. Furthermore, the ALJ has offered no explanation of how the evidence supports his physical RFC findings. SSR 96-8p states that the RFC assessment must include a narrative discussion describing how the evidence supports his findings. The ALJ does not describe how the evidence supports the ALJ's physical RFC findings. The court has absolutely no idea of the basis of the ALJ's physical findings.

In the case of McHenry v. Colvin, Case No. 12-2512-SAC (D. Kan. Sept. 11, 2013; Doc. 31 at 7-9), there was no medical evidence regarding plaintiff's RFC, and no explanation of how the evidence supported the ALJ's RFC findings. The case was remanded in order for the ALJ to comply with SSR 96-8p. The facts of this case are identical insofar as the ALJ's physical RFC findings. Therefore, this case shall be remanded in order for the ALJ to comply with the requirements of SSR 96-8p, including a narrative discussion describing how the evidence supports each conclusion in the RFC assessment, citing specific medical facts and nonmedical evidence.[1]

---

[1] Defendant's brief cites to the case of Chapo v. Astrue, 682 F.3d 1285 (10th Cir. 2012), which states, in relevant part:

> …there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question….
>
> We have thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category.

When this case is remanded, the ALJ shall develop a sufficient record on which to make RFC findings.  The ALJ should consider recontacting plaintiff's treating medical sources, request additional records, or order a consultative examination.  20 C.F.R. § 404.1520b(c); <u>Fleetwood</u>, 211 Fed. Appx. at 741; <u>Lamb v. Barnhart</u>, 85 Fed. Appx. 52, 57 (10th Cir. Dec. 11, 2003).  The ALJ could also consider having a medical expert testify at the hearing regarding plaintiff's RFC after reviewing the record.[2]  In the alternative, the ALJ could request a state agency assessment by a physician who could review the record and provide a written report setting forth their RFC findings and providing a thorough written explanation for their RFC findings.

**IV.  Are the ALJ's mental RFC findings supported by substantial evidence?**

---

<u>Chapo</u>, 682 F.3d at 1288-1289.  However, the court's ruling in this case does not require that there be a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question, or specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine plaintiff's RFC.  The holding in <u>Chapo</u> does not change the requirement in <u>Fleetwood</u> that to the extent there is very little medical evidence directly addressing a claimant's RFC, the ALJ's findings may be found to be unsupported by substantial evidence.  The file must contain sufficient evidence to assess RFC.  The record in the case before the court has no medical evidence addressing plaintiff's physical RFC, and the ALJ fails to cite to any evidence in support of his physical RFC findings.  By contrast, in <u>Chapo</u>, the record included two physical RFC assessments (by Dr. Amin and Dr. Krause), <u>Chapo</u>, 682 F.3d at 1287.  The court in <u>Chapo</u> reversed the decision of the Commissioner and remanded the case for further hearing.  On remand, even with two physical RFC assessments, the court was troubled because of the staleness of one of those assessments, and encouraged the ALJ on remand to obtain an updated exam or report.  <u>Chapo</u>, 682 F.3d at 1293.

[2] The U.S. Supreme Court has considered the use of medical advisors at administrative hearings and approved of the concept.  <u>Richardson v. Perales</u>, 402 U.S. 389, 408 (1971).  Such opinions are competent evidence and in appropriate circumstances may constitute substantial evidence supporting the ALJ's decision.  <u>Lopez v. Apfel</u>, 1997 WL 758831 at *2 (10th Cir. Dec. 9, 1997)(ALJ properly relied on opinions of medical advisor and consulting physicians who disagreed with treating physician on issue of disability); <u>Torres v. Secretary of HHS</u>, 870 F.2d 742, 744 (1st Cir. 1989)(the testimony of a medical advisor who reviews the record, testifies and is subject to cross-examination may constitute substantial evidence depending on the circumstances, including the nature of the illness and the information provided to the advisor).

In making his mental RFC findings, the ALJ reviewed numerous medical source opinions. Raemona Webb, a treating social worker, opined on October 7, 2011, that plaintiff had an extreme impairment in 1 category, marked impairments in 10 categories, moderate impairments in 5 categories, and was not significantly limited in 4 categories (R. at 295-296). The ALJ stated that the treatment records do not support these limitations, and noted that she is not an acceptable medical source. Therefore, the ALJ accorded them no weight (R. at 20).

Andra Wischmeier, a LMLP (licensed master's level psychologist), and a treatment provider, prepared a psychiatric medical source statement on May 13, 2013, finding that plaintiff had a good ability to perform simple instructions, but only a fair ability to perform in 7 other categories, and poor or no ability to perform a task without interference from psychologically based symptoms. The statement indicates that plaintiff has a marked impairment in social functioning (R. at 491-493). The ALJ accorded her opinions some weight because the assessment is supported by the medical evidence of record and the claimant's activities. However, the ALJ determined that the marked limitation in social functioning and occupational adjustments is not supported by the record or information in her mental status examination. Therefore, little weight was accorded to this part of the opinion (R. at 20).

The ALJ also considered the opinions of two state agency assessments, Dr. Burstin (February 27, 2012) and Dr. Stern (June 22, 2012) (R. at 57-67, 72-82). As noted by the ALJ, they found that plaintiff had moderate limitations in social interaction and the ability to maintain attention for extended periods of time (R. at 63-64, 78-80). The ALJ gave significant weight to their opinions, but also made RFC findings which took into consideration some of plaintiff's subjective complaints (R. at 20).

Finally, the ALJ considered a consultative examination by Dr. Berg, performed on February 21, 2012 (R. at 300-302). Dr. Berg concluded his report regarding plaintiff's ability to perform work related activities as follows:

> The Claimant is able to attend to and process simple information at an average pace. She is accurate in her processing of simple material. She does persist with simple tasks for short periods of time, at least. Her ability to learn and retain new information is mildly compromised.
>
> The Claimant is able to accommodate to the demands of superficial interpersonal interaction for short periods. Nevertheless, she avoids all social contact, except with her immediate family and her psychotherapist. She has difficulty initiating activities beyond the most basic activities within the home.

(R. at 302). The ALJ accorded significant weight to this opinion (R. at 20).

Although the ALJ accorded significant weight to this opinion, the ALJ did not mention or include in his RFC findings the opinion of Dr. Berg that plaintiff "has difficulty initiating activities beyond the most basic activities within the home" (R. at 302). This opinion is similar to the opinion of the treating psychologist that plaintiff has poor concentration and avoidance behavior that may lead to failure to engage or complete tasks (R. at 492).

In the case of Martinez v. Astrue, 422 Fed. Appx. 719, 724-725 (10th Cir. Apr. 26, 2011), the court held that the ALJ erred by failing to include all of the limitations found by Dr. LaGrand without explaining why he rejected some of the limitations, especially in light of the ALJ's conclusion that the medical source's opinion was entitled to "great weight." The ALJ simply ignored certain limitations contained in the medical report. The court held that the ALJ may have had reasons for giving great weight to some of the limitations set forth by the medical source, while rejecting other limitations. However, before rejecting some of the limitations, the ALJ was required to discuss why he did not include those limitations. An ALJ must explain why he rejected some limitations contained in a RFC assessment from a medical source while appearing to adopt other limitations contained in the assessment. Haga v. Astrue, 482 F.3d 1205, 1207-1208 (10th Cir. 2007); Frantz v.

Astrue, 509 F.3d 1299, 1302-1303 (10th Cir. 2007); Wilson v. Colvin, 541 Fed. Appx. 869, 872-874 (10th Cir. Oct. 16, 2013).

Therefore, on remand, the ALJ should either include in his RFC findings that plaintiff has difficulty initiating activities beyond the most basic activities within the home, or provide a legitimate basis for not including this limitation.  This limitation should also be considered in light of the similar limitation set forth by the psychologist Andra Wischmeier.  For this reason, on remand, the ALJ shall reevaluate all of the medical source opinions regarding plaintiff's mental limitations. When evaluating the opinions of psychologist Andra Wischmeier, the ALJ must take into consideration that a LMLP is an acceptable medical source.  Huiett v. Colvin, Case No. 12-1350-SAC (D. Kan. March 19, 2014; Doc. 27 at 6-8); Dannels v. Astrue, Case No. 10-1416-SAC (D. Kan. Dec. 20, 2011; Doc. 19 at 8-9).  When evaluating the opinions of social worker Webb, the ALJ must consider her opinions as an "other" medical source as set forth in SSR 06-03p.

**V. Did the ALJ err in its consideration of plaintiff's credibility?**

Plaintiff argues that the ALJ erred in his credibility findings regarding plaintiff's allegations.  The court will not address this issue in detail because it may be affected by the ALJ's resolution of the case on remand after the ALJ obtains

15

further evidence regarding plaintiff's physical limitations and reevaluates the medical source opinions regarding plaintiff's mental limitations.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).

   IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

   Dated this 17th day of March 2015, Topeka, Kansas.


                              s/Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge